**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANN M. BRYANT,**

                             **Plaintiff,**

  vs.                                                **5:19-CV-1119
                                                               (MAD/ATB)**

**CENTRAL SQUARE CENTRAL
SCHOOL DISTRICT,**

                             **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**JAMES D. HARTT, ESQ.**                **JAMES D. HARTT, ESQ.**
6 North Main Street
Suite 200F
Fairport, New York 14450
Attorneys for Plaintiff

**BOND, SCHOENECK & KING, PLLC –**     **JEFFREY F. ALLEN, ESQ.**
**ROCHESTER OFFICE**
350 Liden Oaks, Third Floor
Rochester, New York 14625
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff, Ann Bryant ("Plaintiff"), commenced this action pursuant to the Americans with Disabilities Act and the New York State Human Rights Law, alleging discrimination and harassment in her workplace. *See* Dkt. No. 1. On November 25, 2019, Defendant moved to dismiss pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 13-3. Plaintiff opposed Defendant's motion. *See* Dkt. No. 16. Presently before the Court is

Defendant's motion to dismiss the complaint in its entirety. For the following reasons, Defendant's motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff commenced this action on September 10, 2019, alleging disability discrimination, hostile work environment, and constructive discharge, in violation of the Americans with Disabilities Act and the New York State Human Rights Law. *See* Dkt. No. 1. Plaintiff was employed by Defendant as a custodial worker from January 2011 until she retired in September 2019. *Id.* at ¶ 8. Plaintiff claims that she was assaulted and injured at work by a student in January 2018. *See id.* at ¶ 14. Following the incident, Plaintiff claims she was subjected to a hostile work environment when, among other things, Defendant's Director of Facilities, Paul Brissette ("Mr. Brissette"), summoned her to his office on January 17, 2018. *See id.* at ¶ 15. Plaintiff alleges that Mr. Brissette insisted that Plaintiff recount the details of her attack and forced Plaintiff to watch a video depicting part of the alleged attack several times, causing Plaintiff significant distress. *See id.* at ¶¶ 16-20. Plaintiff claims that Mr. Brissette attempted to convince her to drop her complaint by stating that the video did not show the student hitting her, as she alleged. *See id.* at ¶ 26. Finally, Plaintiff claims that Mr. Brissette openly threatened her in an attempt to get her to drop the complaint by telling her that if the police saw the video, she would be in "big trouble." *See id.* at ¶ 27.

Plaintiff sustained an injury to her rotator cuff as a result of the attack, causing her to take a medical leave of absence in March 2018. *See id.* at ¶ 30. Plaintiff alleges that while she was out on medical leave, she was denied "Longevity Pay," however, she ultimately received that pay. *Id.* at ¶¶ 31-32. Following the attack, Plaintiff claims that she was made to feel "like a persona

non grata" and that the conduct described above led her to retire earlier than she otherwise would have. *See id.* at ¶ 35.

In its motion to dismiss, Defendant argues that Plaintiff's complaint must be dismissed because she failed to raise her hostile work environment and constructive discharge claims in her administrative complaints before the New York State Division of Human Rights ("DHR"). *See* Dkt. No. 13-3 at 4. In response, Plaintiff argues that her allegations of harassment and intimidation underlying her hostile work environment claim were included in her DHR complaint and that her constructive discharge claim is "reasonably related" to the claims in her DHR complaint. *See* Dkt. No. 16 at 3.

### III. DISCUSSION

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.[1] *See Mangiafico v. Blumenthal*, 471

---

[1] In addition to the complaint, the Court considered the following documents which were either appended to or integral to the pleading: the DHR determination and Plaintiff's complaint to DHR. *See* Dkt. No. 1-1 at 2-5; Dkt. No. 10-1 at 65-70.

F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading must include "enough facts to state a claim to relief that is plausible on its face[,]" such that the "[f]actual allegations [are] enough to raise a right of relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 570 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Twombly*, 550 U.S. at 558, 570.

"Federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge, unless they are 'reasonably related' to those claims that were filed with the agency." *Melendez v. International Serv. Sys., Inc.*, No. 97-CV-8051, 1999 WL 187071, *6 (S.D.N.Y. Apr. 6, 1999) (quoting *Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401-02 (2d Cir. 1993)). The Second Circuit has recognized three situations where claims are "reasonably related" to the allegations charged in an EEOC complaint: "1) where the claim brought in the civil action concerns conduct which would fall within the reasonable scope of the EEOC investigation; 2) where the claim alleges retaliation for filing the

4

EEOC charge; and 3) where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Id.* (citing *Butts*, 990 F.2d at 1402-03). "The first type of 'reasonably related' claim . . . is essentially an allowance of loose pleading." *Butts*, 990 F.2d at 1402-03. The Second Circuit has recognized that "EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering." *Id.* "In determining whether claims are reasonably related . . ., the Second Circuit has instructed district courts to focus on 'the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Delly v. H.I.R.E. Inc.*, No. 04-CV-1481, 2004 WL 2297821, *3 (E.D.N.Y. Oct. 13, 2004) (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003)).

Here, Plaintiff's complaint to the DHR included the same allegations that form the basis of the hostile work environment claim in the present action. *See* Dkt. No. 1 at ¶¶ 14-29; Dkt. No. 10-1 at 68. Contrary to Defendant's assertion, a significant portion of Plaintiff's complaint to the DHR was dedicated to her allegations about harassment and intimidation in her work environment. *See* Dkt. No. 10-1 at 68-69. Although Plaintiff did not explicitly state that she was subjected to a hostile work environment, the facts underlying her complaint amount to such an allegation. *See Benjamin v. Brookhaven Science Associates, LLC*, 387 F. Supp. 2d 146, 155 (E.D.N.Y. 2005) (citation omitted) (noting that to determine whether a plaintiff's cause of action is reasonably related to her administrative filing, the court should focus on "the factual allegations in an [administrative] charge, rather than any legal theories stated therein"). Plaintiff's DHR complaint describes the same interaction with Mr. Brissette in which she was repeatedly forced to watch a video of her alleged attack and threatened to dissuade her from filing a complaint about

5

the attack. *See* Dkt. No. 10-1 at 68. Additionally, when asked to describe the acts of alleged discrimination, Plaintiff checked the box entitled "Harassed/intimated me (other than sexual harassment)." *Id.* at 67. The Court finds that the facts underlying Plaintiff's hostile work environment claim were described in her DHR complaint. Accordingly, Defendant's motion to dismiss is denied as to this claim. However, the same cannot be said for her constructive discharge claim.

Unlike her hostile work environment claims, Plaintiff's original complaint to the DHR does not include any allegations about constructive discharge. *See* Dkt. No. 10-1 at 65-70. In fact, Plaintiff notes that her constructive discharge claim could not have been alleged because "it had not yet occurred." *See* Dkt. No. 16 at 11. Although it is not entirely clear when Plaintiff announced or decided that she was going to retire, it clearly occurred long after the DHR investigation concluded. *See* Dkt. No. 1 at ¶ 35 (indicating that Plaintiff retired "effective September 24, 2019"). Plaintiff retired more than a year after the alleged harassment and discrimination. *See* Dkt. No. 10-1 at 70. When a decision to retire/quit comes so long after the conclusion of the administrative investigation and relevant conduct complained of, courts have found that the claimed constructive discharge was not "reasonably related" to the claims in the administrative complaint. *See Field v. Tonawanda City School Dist.*, 604 F. Supp. 2d 544, 562-63 (W.D.N.Y. 2009). Additionally, it appears that Plaintiff's constructive discharge claim would involve distinct factual allegations from those investigated by the DHR.[2] Accordingly, the Court

---

[2] Notably, Plaintiff does not describe the conduct underlying her constructive discharge claim. *See* Dkt. No. 1 at ¶¶ 38-40. Rather, Plaintiff claims only that "Defendant saw to it that Plaintiff retire early in what can only be referred to as 'constructive discharge' inasmuch as Defendant forced Plaintiff to leave the school district and to cease her employment with the CSCSD, in a manner to be proven at or before trial." *Id.* at ¶ 39.

finds that Plaintiff's constructive discharge claim is not reasonably related to the claims included in her DHR complaint. Thus, Plaintiff's constructive discharge claim is dismissed.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Dkt. No. 13) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2020
       Albany, New York

Mae A. D'Agostino
U.S. District Judge